CLARENCE E. HUTCHINSON, *Appellant*, vs. MARGARET S. HUTCHINSON, *Appellee*.

137 So. 5.

Division B.

Opinion filed October 7, 1931.

*John M. Coe*, for Appellant;
No Appearance, Appellee.

PER CURIAM.—This appeal is from a final decree dismissing appellant's bill for divorce and awarding appellee seven hundred fifty dollars Attorney's fees and three hundred fifty dollars per month for the support and maintenance of the three children of appellant and appellee, the custody of said children having been awarded to appellee. That part of the final decree dismissing the bill for divorce is not challenged.

The record discloses that the parties hereto had been married for about twenty years and that three children were the fruit of this union, that they had been estranged for several years, that appellee had some income in her own right, and that during most of their married life appellant

had been a prominent surgeon earning from ten to twelve thousand dollars per year. It is also shown that a large portion of appellant's income has been used to create a trust fund for the benefit of the three children and that said fund is valued at $150,000 to $200,000, that appellant is the designated trustee to handle said fund which is now producing an income of not exceeding forty-five hundred dollars per annum, and that said income as trustee including about one hundred twenty-five dollars per month personal income is all the income that appellant has. The record further shows that appellant is on account of sickness and disease totally incapacitated to follow his profession, that he has no other source of income and that he has been contributing liberally to the support of his wife and children although the wife has considerable income in her own right and owns the home where she lives.

Under the circumstances presented the trust may not exist except in morals but it was created by the joint assent of both parties hereto, it was primarily in intangibles and the fact that it is producing only forty-five hundred dollars per annum makes its value problematical. In view of this and other facts presented we think the amount allowed for support and maintenance was too large. We find no fault with that part of the final decree allowing attorney's fees.

Reversed in part, affirmed in part.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.