## DAVE FLEISCHER v. IDA FLEISCHER

6 So. (2nd) 836    Division B
February 27, 1942    Rehearing Denied April 2, 1942

Edward L. Lusgarten, for appellant.
Murrell & Malone, for appellee.

PER CURIAM:

This is an appeal from an order denying a petition for the modification of the separate support and maintenance granted in a final decree of separation.

December 28, 1939, the final decree herein was entered by the court providing among other things that the appellee might live separate from her husband; that appellant pay the taxes and the mortgage payments on their home; that he pay appellee $250 per week for support and maintenance for herself and the two minor children; that he pay the medical expenses for the care and treatment of one of the minor children and that he pay all appellee's outstanding debts. The final decree was based on an agreement reached between the parties.

On August 28, 1941, appellant filed his petition for reduction of the separate support and maintenance of the final decree. It was alleged that his ability to support and maintain his family had changed, . . . in that at the time of the rendition of said final decree, your petitioner had assets worth approximately five hundred thousand dollars ($500,000.00), and an in-

come of six hundred fifty dollars ($650.00) per week, together with an expense account of one hundred dollars ($100.00) per week, whereas, at the present time, your petitioner has assets of the value of approximately eighteen thousand dollars ($18,000.00), and the same income, with the exception that on or about the 15th day of November, A. D. 1941, the income of your petitioner will be reduced to one hundred dollars ($100.00) per week. . . ."

At the hearing on the petition testimony was given in an effort to support these allegations. An answer to the petition was filed by the wife, but she offered no evidence in support of it. The court denied the petition, and an appeal was taken from that order.

Subsequent to the entry of appeal a petition was made to this Court for the issuance of a constitutional writ allowing appellant to pay his wife $50 per week, during the pendency of the appeal. The petition was denied, but when the chancellor entered a rule nisi requiring appellant to show cause for the default of payments under the decree, this Court granted a second petition for constitution writ and entered an order enjoining further proceedings on the rule nisi pending this appeal, on the condition that appellant continue to pay appellee $50 per week and the medical expenses of the minor child.

There can be no question but that the chancellor had the jurisdiction to entertain the petition under the terms of Sec. 4993(1), C.G.L., Perm. Supp. (Ch. 16780, Acts of 1935). The contrary is not contended by appellee. The sole question presented here is whether the facts in evidence are sufficient to warrant the relief sought under the statute supra.

Considering the pleadings and all of appellants evidence, and despite the fact that appellee offered no evidence, no case sufficiently strong is presented for this Court to hold the chancellor clearly erred in denying the relief sought. It should be remembered that when this hearing was held the alleged decrease in income was not then existing, but was only contemplated under appellant's contract of employment. Appellant had not only the burden of showing to the court that it was beyond his capacity to make the payments required by the final decree, but he had also to show the court just what his capacity to support his wife and family was or would be, so that the court, under the statute, might "make such order and judgment as justice and equity shall require." He has totally failed in satisfying the latter burden, and his proof in support of the former is not sufficiently strong to warrant a reversal on an appeal from an adverse finding below.

The findings of the chancellor below are not clearly erroneous, against the weight of or contrary to the legal effect of the evidence and the order appealed from should therefore be affirmed.

The appellee has filed in this Court application for order to be directed to the appellant requiring him to pay to her solicitors reasonable sums as counsel fees for services rendered in this Court and in the circuit court in defending her rights in this proceeding.

We hereby refer the petition for the allowance of attorney's fees to the Honorable George E. Holt, circuit judge, to take such testimony as he may deem proper and to make his findings and recommendation to this Court in that regard.

So ordered.

BROWN, C. J., WHITFIELD, BUFORD, and ADAMS, JJ., concur.