THORNAL, Justice.
Appellant, who was defendant below, seeks reversal of an order of the Chancellor modifying the provisions* of a divorce decree with reference to a maintenance allowance for the minor son of the parties.
By decree of divorce entered August 4, 1947, appellee Brown was granted a divorce from appellant Bock with a provision in the decree directing Brown to pay to Mrs. Bock, then Mrs. Brown, the sum of $400 per month as permanent alimony and for the maintenance of the minor son of the parties. In July, 1949, the former Mrs. Brown remarried and became Mrs. Bock. By agreement between the parties, alimony and child maintenance payments were reduced to $300 per month. There were various subsequent reductions, either by agreement or by appellee Brown on his own initiative, until October, 1953, when he filed a petition to modify the original decree alleging the remarriage of his former wife as the sole ground for modification.
After hearing the testimony, the Chancellor decided that the decree should *312 be modified and he eliminated the alimony-provisions and required that Brown pay to his former wife the sum of $100 per month for the maintenance of their 13-year old son. Mrs. Bock appeals contending that she needs $300 per month to take care of the child, and that the amount allowed by the Chancellor is not sufficient in view of the fact that the child’s father has an approximate income before taxes estimated to be $17,000 to $20,000 per year. The record in no place contains an itemization of the needs of the child.
Appellant seeks reversal primarily, if not entirely, on the proposition that the father can afford to pay more than the Court allowed for the maintenance of the boy and that he should, therefore, be required to do so. We do not feel that this is the sole element to be considered in fixing the amount that a father should pay to a divorced wife for the support of a minor child in the custody of the mother. While the father’s financial ability is undoubtedly a substantial factor, there are other elements, such as, the actual needs of the child, the advisability of spending more than a certain amount in the maintenance of the Child, the general living conditions available to the child and his station in life.
When all of the related factors are considered on the basis of the record now before us, we cannot conclude that the Chancellor abused the discretion accorded to him in entering the order from which the appeal was taken. If it should develop that the amount allowed by the Chancellor when properly handled by the mother is inadequate to support the minor in a fashion to which he has been accustomed in the light of his father’s ability to make provision for him, then a showing can be made accordingly and the Chancellor, after hearing the facts to be presented, may modify his decree in a fashion that will recognize the welfare and best interest of the minor.
The decree appealed from is affirmed.
DREW, C. J., and THOMAS and ROBERTS, JJ., concur.