103 So.2d 253 (1958)
R.B. PLATT, Appellant,
v.
Charlotte B. PLATT, Appellee.
No. A-150.
District Court of Appeal of Florida. First District.
June 3, 1958.
*254 Scruggs, Carmichael & Avera, Gainesville, for appellant.
Ferguson & Jopling, Lake City, for appellee.
WIGGINTON, Judge.
Appellant, as plaintiff, sued appellee for divorce on the grounds of cruelty and ungovernable temper. Defendant denied the allegations of the complaint and counterclaimed for a decree of separate maintenance and support, attorney's fees and costs. The Chancellor entered a final decree denying plaintiff's prayer for divorce, granted defendant's prayer and awarded $350 a month separate maintenance. The sum of $800 was awarded defendant's attorneys as their fee. On appeal appellant challenges the sufficiency of the evidence to support the decree denying plaintiff's prayer for divorce, the amount of the award for separate maintenance, and the amount awarded for attorneys' fees.
The parties were married in April 1955 and were separated and reconciled on several occasions prior to their final separation in September 1956. The complaint was filed on October 24, 1956. Although no children had been born prior to the filing of the complaint, plaintiff alleged that *255 defendant was pregnant as of that date by someone other than himself. A child was subsequently born during the pendency of the cause.
Without further detailing the evidence, we deem it sufficient to say that there were numerous sharp conflicts which were properly resolved by the Chancellor. It cannot be said that the final decree is contrary to the manifest weight of the evidence. Since error has not been clearly demonstrated and we find ample evidence to support the decree, both as to the denial of appellant's prayer and the granting of separate maintenance to the wife, it follows that appellant's first assignment of error must be resolved against him.
Insofar as is relevant to the remaining assignments the record reveals that the plaintiff owns a motor court valued at about $30,000, which is operated by a salaried manager and from which plaintiff realizes a net income of about $100 per month. In addition, plaintiff owns other real properties, consisting primarily of unimproved lots, valued at approximately $9,500. During some three or four months of 1956 plaintiff was employed as an automobile salesman with earnings averaging $600 per month, which employment plaintiff contends he was forced to surrender because of time lost in traveling back and forth to Miami in an attempt to reconcile his differences with defendant. The condition of plaintiff's health was asserted by him as the reason for his inability to work as of the time of the trial. This was an issue upon which the evidence was conflicting. Plaintiff further contends his present total net income does not exceed $140 per month. The items of expense proven by the defendant wife to be necessary and which form the basis of the decree are similar to those incurred when she was living as plaintiff's wife. She has no other source of income and is unable to work because of the present state of her health and the necessity to care for the infant child heretofore mentioned.
Alimony is designed primarily to provide sustenance such as food, clothing, habitation and other necessities for the support of a wife when living apart from her spouse either pursuant to a decree of divorce or one of separate maintenance unconnected with divorce.[1] Factors to be considered in awarding alimony are the needs of the wife and child and the husband's capacity to meet such needs.[2] Income alone is not necessarily the sole test in determining ability to pay. The nature of the husband's capital assets is a proper consideration,[3] as is his earning capacity.
While the award here is ample, if not somewhat generous, it has not been made to appear, upon considering the proven needs of the wife and child and the appellant's ability to earn and the nature of his assets, that such award is so excessive as to constitute an abuse of the Chancellor's discretion. Furthermore, jurisdiction was retained for the express purpose of entering such further orders as may become necessary. If the state of appellant's health or his income declines to such an extent that he is faced with the necessity of disposing of his capital assets in order to comply with the decree, he is privileged to petition for such modification of the award as the circumstances may warrant. This is especially so should the defendant recover her health and become able to, or does in fact accept employment.
As to the remaining assignment of error, concerning the fee awarded defendant's counsel, it is noted that among other things the factors usually considered consist of the nature of services rendered, *256 the responsibility incurred and the skill required, the ability of the litigants to respond and the value of such services to the client. Considering these factors, together with evidence offered at trial establishing a fee of $1,000 as reasonable for the services rendered by defendant's attorneys, it does not appear that the fee awarded by the Chancellor constitutes an abuse of discretion as is claimed by appellant.
For the foregoing reasons the decree appealed from must be and the same is hereby affirmed.
STURGIS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] Bredin v. Bredin, Fla. 1956, 89 So.2d 353.
[2] Brown v. Brown, Fla. 1956, 84 So.2d 311; Yandell v. Yandell, Fla. 1949, 39 So.2d 554; Hutchinson v. Hutchinson, 102 Fla. 1123, 137 So. 5.
[3] Chastain v. Chastain, Fla. 1954, 73 So.2d 66.