PER CURIAM.
On this interlocutory appeal from a post decree order reducing alimony from $200 a week to $50 a week, the wife contends the court was in error in granting a reduction on considering only the husband’s lessened income without giving consideration to the sizeable assets and estate of the husband. The record clearly supports appellant’s contention, by disclosing that the chancellor adopted the view that the husband’s non-income producing property and assets were not factors to be taken into consideration. In so ruling the learned chancellor was in error.
In Chastain v. Chastain, Fla.1954, 73 So. 2d 66, 68, which is cited and relied on by the appellant, the Supreme Court said:
« * * * A final decree of divorce awarding alimony should not be modified as to alimony without a strong showing that the husband’s ability to pay has depreciated. The burden is upon the complaining party to make this strong showing. Income alone is not necessarily the test in determining ability to pay. As pointed out by the Chancellor in the final decree awarding divorce and fixing alimony, ‘one must consider the nature of his capital assets, as well as his income’.”
See also Terry v. Terry, Fla.App.1961, 126 So.2d 890, 892; Howard v. Howard, Fla. App.1960, 118 So.2d 90, 94; Platt v. Platt, Fla.App.1958, 103 So.2d 253, 255. In the Howard case the court said:
“ * * * In addition to income, consideration must also be given to the extent and value of the husband’s capital assets. The manner in which title to the husband’s assets is held is not necessarily controlling in determining his ability to pay.”
As the cause must be remanded for further hearing before the chancellor on the husband’s petition for modification, at which due consideration should be given *614 to the value of the assets of the husband in conformity to the pronouncements of law in that respect in the cases cited above, it is neither necessary nor proper that we should enter into a discussion of the material facts. Accordingly, the order appealed from is reversed and the cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.