168 So.2d 789 (1964)
Rose GAER, Appellant,
v.
Max GAER, Appellee.
No. 64-9.
District Court of Appeal of Florida. Third District.
October 27, 1964.
Rehearing Denied December 8, 1964.
Law Offices of Fuller Warren and Verne L. Freeland, Miami, for appellant.
Monroe Gelb and L.J. Cushman, Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and HORTON, JJ.
CARROLL, Judge.
This appeal from a divorce decree is by the wife who was plaintiff below. The decree granted the wife a divorce and alimony of $150 per month, attorney fees and costs. In addition, it was held that as joint *790 owner she was entitled to the benefit of one half of cash assets of $94,229.46, and that the husband was holding additional sums belonging to her amounting to $7,365.72. Appellant challenges the provision of the decree denying her claim of partnership in a taxicab business previously owned and operated by the husband, and seeks an increase in alimony, which is contended to be inadequate on the evidence. On considering those contentions in the light of the record and of the able arguments and briefs, we conclude that the appellant has not shown reversible error.
As to the claim of partnership, which was an issue in the trial before the chancellor, we are unable to agree with the appellant's contention that the chancellor's decision[1] was against the manifest weight of the evidence or was not supported by substantial competent evidence on the record. No useful purpose would be served by a detailed discussion of the evidence.
A chancellor's resolution of an issue tried on controverted and conflicting evidence should not be rejected on appeal unless based on a misapplication of law or shown by the record to be clearly wrong, against the manifest weight of the evidence, or not supported by competent substantial evidence.[2] Moreover, the decision comes here aided by a presumption of correctness.[3]
Regarding the alimony, the appellant argues that because of the size of the husband's estate the allowance should have been larger. While a husband's assets, as well as his income, may be taken into consideration in determining his ability to pay,[4] and a wife's assets may be considered in determining her needs,[5] the chancellor's duty was to fix that amount for alimony which in his discretion appeared proper upon balancing the needs of the wife and the paying ability of the husband.[6] It was not shown that the chancellor mistakenly excluded from his consideration the value of the assets or estate of the husband.[7]
The matter of the amount of the alimony was within the sound discretion of the chancellor,[8] who was in a position to be fully familiar with the situation and financial abilities of the parties through the numerous hearings conducted during the period the case was pending. The burden was on the party seeking to disturb such an allowance to show that the chancellor abused his discretion in his selection of the amount of alimony.[9] We hold that abuse of discretion in this respect has not been demonstrated. If altered *791 conditions and circumstances in the future make the decreed alimony inadequate for the wife's needs, she may seek appropriate relief by modification under § 65.15, Fla. Stat., F.S.A.
A further contention of the appellant is that the court should have made some allowance for her support pendente lite. Appellant argues that since she used money from a joint account of the parties for her support during the period of the litigation, provision should have been made in the decree giving her credit for her half of the funds thus expended. That contention lacks force, because at no time did the appellant apply for financial assistance during the pendency of the case, and since she was supported out of ample joint funds no undue financial hardship to her was shown.
A final contention, relating to costs, has been examined and considered and is found to be lacking in merit.
Accordingly, no reversible error having been made to appear, the decree appealed from is affirmed.
Affirmed.

ON REHEARING
PER CURIAM.
Appellant's petition for rehearing refers to an inaccurate statement in our opinion, that the appellant wife did not apply for financial assistance during the pendency of the cause below. The record reveals the wife moved for temporary alimony and attorney fees. Temporary fees were allowed, but the matter of temporary alimony was deferred and ruling thereon reserved. Thereafter the motion for temporary alimony was not pressed or renewed in the trial court. Our opinion is corrected accordingly. Other grounds of the petition for rehearing have been considered, and are hereby denied.
NOTES
[1] The decree contained the following finding: "The plaintiff, Rose Gaer, has failed to prove that she was a partner in her husband's taxicab business and this portion of her relief requested is denied."
[2] Fleischer v. Fleischer, 149 Fla. 621, 6 So.2d 836; Perry v. Perry, Fla.App. 1957, 97 So.2d 152; Town of Medley v. Seminole Rock Products, Inc., Fla.App. 1962, 138 So.2d 534.
[3] Picchi v. Picchi, Fla. 1958, 100 So.2d 627; Dings v. Dings, Fla.App. 1964, 161 So.2d 227.
[4] Chastain v. Chastain, Fla. 1954, 73 So.2d 66; Mack v. Mack, Fla.App. 1959, 112 So.2d 861.
[5] Heller v. Heller, Fla.App. 1963, 151 So.2d 35.
[6] Welsh v. Welsh, 160 Fla. 380, 35 So.2d 6; 10 Fla.Jur., Divorce § 167.
[7] Compare, Simon v. Simon, Fla.App. 1962, 137 So.2d 613.
[8] Pross v. Pross, Fla. 1954, 72 So.2d 671; Lindley v. Lindley, Fla. 1955, 84 So.2d 17.
[9] Kanter v. Kanter, Fla. 1949, 38 So.2d 685; Rogoff v. Rogoff, Fla.App. 1959, 115 So.2d 456.