TILLMAN PEARSON, Judge.
The appellant filed a suit in the nature of a creditor’s bill wherein he sought to have declared that the defendant Max Milgram was the owner of certain real and personal property located in Florida. The appellant is the holder of a judgment against Max Milgram.
In the presentation of the plaintiff’s case, there was introduced into evidence a portion of the transcript of testimony of a divorce suit between Evelyn Debra Linet, who is one of the defendants in the present cause, and her former husband Jerome Lin- *838 ct. In the testimony in the divorce case, Max Milgram testified that he was the sole owner of certain property in New York and that his married daughter held only the bare legal title to the property.
In the same proceeding the defendant Evelyn Debra Linet testified that she did not own the New York property involved but that she held the title in trust for “her family”.
Upon the trial of this cause, each of these defendants testified that they lied at the time of the divorce proceeding. They contended that the legal and equitable title to the New York property was and always had been in the defendant Evelyn Debra Linet.
The main issues in the court below are (1) whether Max Milgram was actually the equitable owner of the New York property; (2) whether the proceeds from the sale of that property could be traced to the purchase of the Florida property which was deeded to Evelyn Debra Linet and (3) did such transactions constitute fraud so as to create a constructive trust thereby entitling the judgment creditor of Max Mil-gram to levy upon the property.
At the conclusion of the testimony in the cause, the chancellor announced his decision and gave the following reasons therefor in the record:
“THE COURT: I have no alternative but to rule for the defendant in this matter — there is certainly suspicion — certainly, the situation is a very sad situation, as arises in many instances — I cannot find any evidence to show Max Milgram ever put any money into this thing, certainly, since 1952, and there is no indication he paid in any of the monies, ever wrote any of the checks, received any of the monies, etc. — nothing but just pure old suspicion is all we have here, and wc can’t rule on suspicion alone.”
A chancellor’s resolution of an issue tried on controverted and conflicting evidence should not be rejected on appeal unless based on a misapplication of law or shown by the record to be clearly wrong, against the manifest weight of the evidence, or not supported by competent substantial evidence. See Gaer v. Gaer, Fla.App.1964, 168 So.2d 789 [opinion filed October 27, 1964,] and cases cited therein.
The appellant has not established that this case is within the exceptions to the above rule. Accordingly, the decision of the court below is affirmed. Other points raised on appeal are deemed to be without merit and will not be discussed.
Affirmed.