291 So.2d 620 (1974)
Gwenn Cantor GAMSE, Appellant,
v.
Edmond GAMSE, Appellee.
No. 73-638.
District Court of Appeal of Florida, Third District.
March 19, 1974.
Rehearing Denied April 9, 1974.
*621 Cushman & Cushman, Miami, for appellant.
Krongold & Bass, Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and HAVERFIELD, JJ.
CARROLL, Judge.
The appellant Gwenn Cantor Gamse filed this appeal from a post judgment order in a divorce action. The order appealed from, granting a petition of the appellee for modification, terminated the periodic alimony which had been provided for in the judgment.
The parties were divorced on March 8, 1968, by a judgment in which the husband was ordered to pay alimony of $975 per month. Approximately four years thereafter the husband filed his petition for modification of the judgment seeking to be relieved of his obligation to pay alimony. As change of circumstances the husband alleged, without elaboration, that his income and financial ability to earn had been "greatly reduced" because he was no longer able to practice medicine. He further alleged that the wife was gainfully employed and no longer needed alimony. The wife filed an answer thereto, in which she denied the allegations that she was self-supporting and no longer needed alimony.
Following an evidentiary hearing the court entered an order that after three months therefrom the obligation of the husband to pay alimony would terminate. It was shown that the husband, a physician, earned in excess of $95,000 from his medical practice in the year in which the divorce was granted, and earned $110,000 therefrom 1969, $54,000 in 1970 and $49,000 in 1971. It was disclosed the husband gave up the practice of medicine on the date upon which he filed his petition for modification; that he had had some emotional problems for several years, for which he had received therapy treatment from a psychologist, but, according to his testimony, he had not been told that his condition was such as to prevent him from engaging in medical practice; that liquidation by him of his assets, including sale of his real estate and his medical practice had produced $271,000, which he had reinvested, and that his annual income therefrom was approximately $14,000.
It was revealed that the wife was not employed; that for eleven years she had been the owner of a substantial minority stock interest in a company known as Crown Paint Company; that during that eleven year period she had received dividends therefrom in only three years, $12,000 in 1969, $8,333 in 1970, and $10,000 in 1971; that no further dividends had been received and that she had no assurance as to when and if dividends therefrom would be received in the future. The wife showed continuing need for alimony by reason of circumstances that required her to pay out substantial sums above her needs for actual support.
*622 In the circumstances of this case we hold there was basis in law for some reduction in periodic alimony payments, but not sufficient for termination of the alimony which had been provided for in the judgment. See Chastain v. Chastain, Fla. 1954, 73 So.2d 66; Knight v. Knight, Fla. App. 1967, 205 So.2d 353; Adams v. Adams, Fla.App. 1973, 273 So.2d 794.
Upon remand, in considering modification of the divorce judgment to decrease the size of the monthly payments of alimony, the trial court should take into consideration not only the husband's income but also his capital assets and that the reduction of the income of the husband, in a substantial respect, may have been brought about voluntarily and not of necessity, with a view to thereby obtaining a reduction or avoidance of the alimony.
The modification order terminating the alimony provision of the judgment is reversed, and the cause is remanded for further proceedings not inconsistent herewith.