PER CURIAM.
This interlocutory appeal is taken by Gwenn Cantor Gamse, the wife in these divorce proceedings from an order on mandate of this court and an order on motion for rehearing.
This case is before this court for the second time. Our opinion in the previous appeal, Gamse v. Gamse, Fla.App.1974, 291 So.2d 620, sets forth all of the relevant facts leading up to the 1968 divorce decree. The mandate states as follows:
“. . .in considering modification of the divorce judgment to decrease the size of the monthly payments of alimony, the trial court should take into consideration not only the husband’s income but also his capital assets and that the reduction of the income of the husband, in a substantial respect, may have been brought about voluntarily and not of necessity, with a view to thereby obtaining a reduction or avoidance of the alimony.”
The trial court entered an order on the mandate in which it made findings as to the reduction of Edmond Gamse’s income, and reduced the amount of alimony. Edmond then moved for a rehearing. The court denied the motion, but amended its order on mandate to reflect that there was a clerical error as to the amount of alimony, and ordered that a smaller amount be paid.
It appears that our previous opinion in this case, cited above, has been misconstrued not only by both parties, but also by the trial judge in failing to take additional testimony in considering the modification of the final divorce judgment. In so considering such modification, the trial court should take into consideration not only the husband’s income but also his capital assets and that the reduction of the income of the husband, in a substantial respect, may have been brought about voluntarily and not of necessity. ,
We, therefore, reverse and remand to the trial court with directions to take further testimony consistent with this opinion.
It is so ordered.