334 So.2d 300 (1976)
Charles H. DENNY, III, Appellant,
v.
Jean K. DENNY, Appellee.
No. X-42.
District Court of Appeal of Florida, First District.
June 15, 1976.
Rehearing Denied July 21, 1976.
*301 Sam T. Dell, Dell, Graham, Willcox, Barber, Rappenecker, Ryals & Henderson, Gainesville, for appellant.
Neil C. Taylor, Toole, Taylor, Moseley & Milton, Jacksonville, for appellee.
BOYER, Chief Judge.
This appeal emanates from a bitterly litigated marriage dissolution proceeding. All of the hearings and proceedings prior to entry of final judgment were before Honorable Allen Anderson, temporarily assigned from the Sixth Circuit to the Eighth Circuit. Judge Anderson entered a final judgment dated February 7, 1974, which was filed and rendered on February 15, 1974. The final judgment contained extensive findings of fact based upon conflicting evidence adduced at a final hearing held in November of 1973.
On February 22, 1974, within the time provided by Rule 1.530 RCP, appellant-husband filed a motion for rehearing and stay order in which he alleged a substantial change in circumstances subsequent to the final hearing and prior to entry of the final judgment in addition to various matters allegedly overlooked by the trial judge. By order dated March 29, 1974, and filed April 1, 1974, the trial judge denied the motion for rehearing and stay order, directed that the case be reassigned to a judge sitting in the Eighth Judicial Circuit and declared that the motion for rehearing and stay order would be recognized by the court as a motion for modification of the final judgment.
*302 On April 3, 1974, Judge Anderson entered another order entitled "Order Granting Petition for Modification of Final Judgment", which order was filed April 4, 1974, by which it was ordered "That the Husband's Motion for Rehearing and a Stay Order which the court has elected to treat as a Petition for Modification of Final Judgment is hereby granted, and this cause is reopened for the production of additional evidence as to the current financial positions of the parties for the sole purpose of determining whether or not the Final Judgment entered herein on February 15, 1974, should be modified as to the award made thereby for alimony, child support and special equity to the wife."
No appeal was taken from any of the above mentioned orders nor from the final judgment.
On September 23, 1974, Honorable John Crews, one of the circuit judges of the Eighth Judicial Circuit, entered an order entitled "Order Modifying Final Judgment", same having been filed on September 24, 1974. In that order the trial judge recited that "the amounts awarded to wife under the provisions of the Final Judgment of Dissolution of Marriage * * * for alimony and as special equities should remain essentially undisturbed, but the manner in which the same were ordered to be paid should be modified so as to extend the time in which such payments are required to be made * * *".
The notice of appeal invoking this court's jurisdiction is from the last mentioned order modifying final judgment.
Although the final judgment became a final decision, appealable as such, upon entry of the order dated March 29, 1974, and filed April 1, 1974, denying the motion for rehearing, no appeal was taken therefrom within the time prescribed by the Florida Appellate Rules. Therefore neither the trial court nor this court has jurisdiction to review it. (See Kippy Corp. v. Colburn, Sup.Ct.Fla. 1965, 177 So.2d 193 and Shelby Mutual Insurance Company of Shelby, Ohio v. Pearson, Sup.Ct.Fla. 1970, 236 So.2d 1) The trial court did, of course, have jurisdiction to entertain a motion for modification of the final judgment and since it is the order on that motion which was here timely appealed we have jurisdiction to review same. However, we are not permitted to employ the appeal from the order modifying the final judgment as a vehicle for reviewing the final judgment and denial of appellant's motion for rehearing from whence no appeal was timely perfected. Accordingly, appellant's assignments of error and arguments directed to the final judgment will be treated as surplusage.
Our review has been made none the easier by the manner in which appellee has addressed the points on appeal. Each point should consist of a concise statement of the point of law sought to be argued and reviewed, reciting only such facts as are necessary for a clear presentation of the point and should not be argumentative nor unduly lengthy. While the rules make provision for an appellee to present additional points for the court's consideration, appellee should nevertheless address and respond to the points raised by the appellant. (Please see American Baseball Cap, Inc. v. Duzinski, Fla.App. 1st 1975, 308 So.2d 639)
Appellant first urges that the final judgment erroneously awarded to appellee wife special equities in amounts equal to the wife's financial contributions to assets acquired during the marriage and that Judge Crews erred in failing to modify such awards in the order here appealed. As already observed, we are not in a position to here review provisions of the final judgment. Although the order of modification did not alter the amount of special equities awarded to appellee by the final judgment, it did provide a less onerous method of payment. Appellee has not appealed that modification and since the change is beneficial to appellant he is in no position to do so. Accordingly, that portion *303 of the order here appealed relating to special equities, being the subject matter of the first two points raised by appellant, is affirmed.
Appellant's third point relates to award of alimony. The record reveals, and the trial judge specifically found, that appellee has a life income from a trust fund of approximately $5,200 per year and that she is capable of earning approximately $7,500 per year. In addition, she was awarded exclusive use and occupancy of the marital home together with the furniture, furnishings and equipment therein until the youngest child attains 18 years of age. In the meantime, appellant is ordered to pay the monthly mortgage payments on the home together with taxes, insurance and exterior repairs. When she ceases to enjoy exclusive use and possession of the home she will be in a position to realize the value of one-half of the equity therein. Further, as already observed, appellee has been awarded special equities amounting to $151,310 upon which sum appellant is required to pay interest. Appellee therefore has a sizable estate, a substantial income and ability to earn an even greater income. Appellant, on the other hand, has total assets of $107,309 and liabilities of $73,652. In addition, he is liable to appellee for payment of $151,310 plus interest and for the mortgage payments, taxes, insurance and repairs on the marital home. Unless the attorney's fees awarded by the final judgment and order of modification have already been paid he is still obligated to pay appellee's attorneys the sum of $6,500. The final judgment also requires payment to appellee for support and maintenance of the five children of the parties, the sum of $200 per month per child until each child attains 18 years of age, becomes self-supporting, marries or dies. Although appellant enjoys a substantial gross annual income ($42,000) it is readily apparent that a large portion thereof is already committed. We are further mindful of income taxes and social security taxes. It is also clear that if appellant is to be expected to maintain his level of income as a corporate executive it is imperative that he maintain himself in an appropriate, but not extravagant, manner.
This Court reaffirmed the rule relative to alimony in Gordon v. Gordon, Fla.App. 1st 1966, 192 So.2d 514, wherein it said:
"As early as 1864 it was established by Chaires v. Chaires [Chaires v. Chaires, 10 Fla. 308 (1864).] that there was no need for alimony if the wife has a separate estate adequate for her comfortable support. In referring to that case Mr. Justice Roberts speaking for our Supreme Court stated: [Kahn v. Kahn, 78 So.2d 367, 368 (Fla. 1955).]
"`Ordinarily, however, in those days the husband was the "only hope of support" of an "unfortunate wife, who may have been abandoned by a dissolute husband and doomed to drag out a weary existence in married widowhood. * * *" Chaires v. Chaires, supra. And, indeed, until recent years, a divorced wife had little prospect of being able to work and earn a livelihood, and it was essential to a well-ordered society that she be appropriately maintained by her estranged husband so that she would not become a charge on the community. Times have now changed. The broad, practically unlimited opportunities for women in the business world of today are a matter of common knowledge. Thus, in an era where the opportunities for self-support by the wife are so abundant, the fact that the marriage has been brought to an end because of the fault of the husband does not necessarily entitle the wife to be forever supported by a former husband who has little, if any, more economic advantages than she has. We do not construe the marriage status, once achieved, as conferring on the former wife of a shipwrecked marriage the right to live a life of veritable ease with no effort and little incentive on her part to apply such talent as she may possess to making her own way.'"
*304 Further explanation was set forth in Platt v. Platt, Fla.App. 1st 1958, 103 So.2d 253, wherein it is said:
"Alimony is designed primarily to provide sustenance such as food, clothing, habitation and other necessities for the support of a wife when living apart from her spouse either pursuant to a decree of divorce or one of separate maintenance unconnected with divorce. [Bredin v. Bredin, Fla. 1956, 89 So.2d 353.] Factors to be considered in awarding alimony are the needs of the wife and child and the husband's capacity to meet such needs. [Brown v. Brown, Fla. 1956, 84 So.2d 311; Yandell v. Yandell, Fla. 1949, 39 So.2d 554; Hutchinson v. Hutchinson, 102 Fla. 1123, 137 So. 5.] Income alone is not necessarily the sole test in determining ability to pay. The nature of the husband's capital assets is a proper consideration, [Chastain v. Chastain, Fla. 1954, 73 So.2d 66.] as is his earning capacity."
Then, in Thigpen v. Thigpen, Fla.App. 1st 1973, 277 So.2d 583, after passage of the "no fault" divorce law, this Court said:
"We have carefully considered the pertinent evidence contained in the record but fail to find any reasonable basis on which the alimony award made to appellee can be sustained. The very heart of an alimony award is and always has been the need of the demanding spouse for support and the ability of the other spouse to respond. The new concept of the marriage relation implicit in the so-called `no fault' divorce law enacted by the legislature in 1971 [Chapter 71-241, Laws of 1971; F.S., Chapter 61, F.S.A.] places both parties to the marriage on a basis of complete equality as partners sharing equal rights and obligations in the marriage relationship and sharing equal burdens in the event of dissolution. In speaking of the wife's place in this new social order emanating from the generally accepted concept of equal rights for all regardless of sex, this court in the case of Beard v. Beard [Beard v. Beard, (Fla.App. 1972) 262 So.2d 269, 272.] said:
"`... In this day and time, women are as well educated and trained in the arts, sciences, and professions as are their male counterparts. The law properly protects them in their right to independently acquire, encumber, accumulate, and alienate property at will. They now occupy a position of equal partners in the family relationship resulting from marriage, and more often than not contribute a full measure to the economic well-being of the family unit. Whether the marriage continues to exist or is severed through the device of judicial decree, the woman continues to be as fully equipped as the man to earn a living and provide for her essential needs. The fortuitous circumstance created by recitation of the marriage vows neither diminishes her capacity for self-support nor does it give her a vested right in her husband's earnings for the remainder of her life.'
"The foregoing pronouncement conforms to the philosophy previously expressed by the Supreme Court in Kahn v. Kahn [Kahn v. Kahn, (Fla. 1955) 78 So.2d 367, 368.] in which it is held:
"`... Thus, in an era where the opportunities for self-support by the wife are so abundant, the fact that the marriage has been brought to an end because of the fault of the husband does not necessarily entitle the wife to be forever supported by a former husband who has little, if any, more economic advantages than she has. We do not construe the marriage status, once achieved, as conferring on the former wife of a ship-wrecked marriage the right to live a life of veritable ease with no effort and *305 little incentive on her part to apply such talent as she may possess to making her own way... .'"
It is uncontradicted that there was a substantial change in appellant's circumstances after the final hearing before Judge Anderson. Although appellant's financial woes may well have resulted from his own misdeeds, there is no evidence to sustain a charge that the changes were wrought for the purpose of evading his obligations of support nor to intentionally reduce the size of his estate. Indeed the recent "recession" (at least a contributing factor) is so well known that we would not be beyond our bounds were we to take judicial notice thereof.
It is clear that in fixing and awarding special equities the trial judge took notice of those factors recited by Judge Rawls of this Court in Brown v. Brown, Fla.App. 1st 1974, 300 So.2d 719, therefore the alimony award cannot be sustained on the basis of that decision.
Although there is a question in our minds as to the propriety of an award of alimony in this case at all, rehabilitative or permanent, we do not address that point. It is apparent, however, that in light of appellant's substantially changed financial circumstances the learned trial judge erred in refusing to modify the final judgment as to the amount of alimony. The amount and type of alimony should be determined by the experienced trial judge in light of the principles above observed.
Affirmed in part and reversed in part and remanded for further proceedings consistent herewith.
In view of the comparative faculties of the parties, appellee's application for attorney fees incident to this appeal is denied.
MILLS, J., and SWIGERT, WILLIAM T., Associate Judge, concur.