347 So.2d 789 (1977)
David Samuel BRADLEY, Appellant,
v.
Judith Anne BRADLEY, Appellee.
Nos. 76-1147 and 76-1164.
District Court of Appeal of Florida, Third District.
June 28, 1977.
Rehearing Denied July 20, 1977.
Greene & Cooper and Robyn Greene, Miami, for appellant.
Judith Anne Bradley, in pro. per.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
PER CURIAM.
Appellant takes these consolidated appeals from an order denying his petition for modification and from an order denying his petition for rehearing.
A final judgment dissolving the marriage of the parties was entered by the trial court on September 9, 1975. The final judgment awarded custody of the couple's two minor children to appellee, and required appellant to pay $850.00 a month as alimony and $300.00 a month as child support.
On February 17, 1976, appellant, who had remarried shortly after the dissolution, filed a sworn petition for modification, alleging that his income had substantially diminished as of January 1, 1976. This petition was denied, as was a subsequent petition for rehearing on the merits of the modification. From the denial of both the petition for modification and the petition for rehearing, these consolidated appeals follow.
We are quite cognizant of the fact, as was the chancellor, that appellant's income has substantially decreased. We are also keenly aware of appellant's contention that his current monthly gross income will almost entirely become exhausted by alimony and support payments. Nevertheless, after carefully reviewing the record, briefs and arguments of counsel, in the light of the controlling principles of law, we are of the opinion that the orders appealed from must be affirmed.
We note that in rendering her decision, the chancellor took into consideration appellee's physical and mental condition (which prohibited her from taking employment), the needs of both appellee and the minor *790 children and the fact that appellant is both young and healthy with capabilities of much higher earnings. In addition, it would appear from the record that the chancellor was aware of some of appellant's business misfortunes at the time of the final judgment of dissolution, which was not appealed by appellant.
It is the function of the trial court to evaluate and weigh the testimony and evidence and once done, it is not the function of the appellate court to re-evaluate or substitute its judgment for that of the trial court, subject to the appellate court's right to reject inherently incredible and improbable testimony or evidence. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976). Accordingly, the orders appealed from are hereby affirmed.
Affirmed.
HUBBART, Judge (concurring).
I concur in the court's affirmance in this case solely on the ground that the record fails to establish as a matter of law that the husband-appellant's income has been substantially reduced since the date of the final decree sufficient to require a modification in the alimony and/or child support awards made in the final decree. The trial judge herein found that the husband had not sustained his burden of proof on this issue and I cannot say that the court abused its discretion in this respect. Fleischer v. Fleischer, 149 Fla. 621, 6 So.2d 836 (1942); Fowler v. Fowler, 112 So.2d 411 (Fla. 1st DCA 1959).
The record upon which the appellant relies for reversal is far from clear, but the evidence adduced at the hearing on the petition for modification appears to indicate that there has been a change in the contractual relationship between the husband and his employer insurance company, which change the husband anticipates will result in a significant reduction in his insurance sales commissions. The record, however, is confusing as to whether the anticipated reduction has actually occurred. Moreover, the record fails to establish that the reduction, if any, is reasonably expected to remain so for the foreseeable future.
If in a future petition for modification, the husband can prove a substantial reduction in his income since the final decree, which reduction can reasonably be expected to remain so for the foreseeable future, the trial court would be obligated to reduce the alimony and/or child support awards herein under Section 61.14(1), Florida Statutes (1975), even though there has been no change in the position or reduction in the financial needs of the wife and minor children. Vilas v. Vilas, 153 Fla. 102, 13 So.2d 807 (1943); Denny v. Denny, 334 So.2d 300 (Fla. 1st DCA 1976); Gamse v. Gamse, 291 So.2d 620 (Fla. 3d DCA 1974). Since the husband has failed to make the requisite showing to be entitled to a modification of the alimony and/or child support awards in the instant case, I am compelled to concur in the court's affirmance herein.