KEHOE, Judge.
Appellant, respondent below, brings these consolidated appeals from the following judgment and orders entered by the trial court: (1) final judgment of dissolution of marriage, dated August 20, 1976; (2) order on respondent’s petition for rehearing and petitioner’s [appellee] request for attorney’s fees, dated November 4, 1976; (3) order of contempt and order on other pending motions, dated March 14, 1977; (4) order of contempt, dated June 14, 1977; (5) order granting attorney’s fees, dated June 20, 1977; and (6) amended order on wife’s [ap-pellee] motion to set aside fraudulent conveyance, June 23, 1977.
We have carefully reviewed each of appellant’s contentions in regard to items (1), (2), and (3), listed above, and find them to be without merit. See, e. g., Herzog v. Herzog, 346 So.2d 56 (Fla.1977); Faircloth v. Faircloth, 339 So.2d 650 (Fla.1976); Sisson v. Sisson, 336 So.2d 1129 (Fla.1976); Shaw v. Shaw, 334 So.2d 13 (Fla.1976); Bosem v. Bosem, 279 So.2d 863 (Fla.1973); Firestone v. Firestone, 263 So.2d 223 (Fla.1972); Bowen v. Bowen, 347 So.2d 675 (Fla.3d DCA 1977); Goldin v. Goldin, 346 So.2d 107 (Fla.3d DCA 1977); Hazelwood v. Hazelwood, 345 So.2d 819 (Fla. 4th DCA 1977); Hawkesworth v. Hawkesworth, 345 So.2d 359 (Fla.3d DCA 1977); Long v. Long, 304 So.2d 483 (Fla. 1st DCA 1974); Kalmutz v. Kalmutz, 299 So.2d 30 (Fla. 4th DCA 1974); Gamse v. Gamse, 291 So.2d 620 (Fla.3d DCA 1974); and Lee v. Lee, 262 So.2d 6 (Fla. 4th DCA 1972).
However, in regard to item (4), listed above, the parties agree that the amount *469 of the arrearages is $6,900 rather than $7,900. Further, in regard to items (4) and (5), listed above, our review of the record reflects that there was no testimony upon which the finding of contempt or the award of attorney’s fees could be predicated. Therefore, item (4) is reversed as to the finding of contempt and the amount of the arrearages set forth should be reduced to $6,900, and item (5) is reversed as to the award of attorney’s fees.
In regard to item (6), listed above, it is our opinion that the trial court properly gave appellee a lien against certain real property owned by appellant in order to secure the payment of alimony and child support as awarded by the court. Substantial arrearages existed at the time of the imposition of the lien under the final judgment of dissolution of marriage, as modified, and it was within the discretion of the trial court to secure payment in this manner. §§ 61.11 and 61.13, Fla.Stat. (1977).
Affirmed in part; reversed in part with directions.