### BEATRICE WEBBER v. JOHN H. WEBBER

23 So. (2nd) 388           June Term, 1945
September 25, 1945           Division A

*Hendricks & Hendricks,* for petitioner.

*Louis Bandel,* for respondent.

ADAMS, J.:

We are called upon to consider a petition for certiorari under Rule 34 seeking to review an order which modified a decree of divorce insofar as it required the payment of monthly sums to this petitioner.

Respondent, who is the divorced husband of petitioner, filed his petition for modification pursuant to Sec. 65.15 F.S. 1941, F.S.A. Answer was filed and after testimony was taken the monthly payments were reduced.

The original decree of divorce incorporated an agreement of the parties which presumably set at rest all questions of every nature and solemnly fixed the sums to be paid petitioner at $85.00 per month. The petition to modify the decree in respect to the monthly payments was grounded on the proposition that he had subsequently remarried; that he had financial requirements, viz.: withholding tax, war bond purchases, interest on real estate mortgages, pension and insurance premiums.

The petition also revealed an increase in salary. Most of the items mentioned are assets rather than liabilities to petitioner. The question narrows down to whether relief should be afforded because of increased living cost and added burdens of supporting another wife.

In Phillippi v. Phillippi, 148 Fla. 393, 4 So. 2nd 465, we held the remarriage of a man would not afford him a ground to be relieved of an alimony decree. See also DeBowes v. DeBowes, 152 Fla. 423, 12 So. 2nd 118.

Where the parties have, by mutual agreement, settled their differences by compromise and the court has ratified the same in the final decree a strong showing is required to modify the terms thereof.

Certiorari is granted and the order is quashed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.