Petition by Elizabeth T. Haynes against Robert H. Haynes, to modify final decree in prior divorce suit between the parties making certain awards to petitioner pursuant to a stipulation. To review decree dismissing petition, the petitioner brings certiorari.
Certiorari granted and order of dismissal quashed on rehearing.
Dec. 14, 1948, petition for writ of certiorari denied without opinion.
 On Rehearing.
The petitioner here was plaintiff in a divorce suit wherein a final decree was rendered making certain awards to the plaintiff wife, pursuant to a stipulation. The petitioner predicates her petition upon the recited facts and Section 65.15, F.S. 1941, F.S.A., which petition was dismissed, whereupon review by this Court is sought by certiorari.
Among other things, her petition to the Chancellor stated that in a suit for divorce, brought by petitioner, a stipulation was entered into as follows:
"It is hereby stipulated and agreed by and between the plaintiff and the defendant herein:
"1. That the Court may immediately proceed to consider this case on final hearing on the pleadings and the proofs heretofore taken, without other or further notice to, or argument by the plaintiff or the defendant, or counsel of record for either of said parties.
"2. That the exclusive custody and control of the minor children, Elizabeth Claire Haynes and Robert H. Haynes, a result of the marriage between plaintiff and defendant, be awarded to plaintiff, pending the further order of the Court, with the privilege given the defendant to visit said children at all reasonable times and places.
"3. That the defendant immediately surrender to the plaintiff upon the entering of a final decree herein, posession of her home particularly described as `Lot Eight (8) of Block B, in Deckman's Subdivision of Block 112 of City of DeLand, according to Map in Map Book 4, page 111, of the Public Records of Volusia County, Also known as No. 425 North Orange Avenue, DeLand, Florida,' free and clear of all liens and encumbrances, by way of water rent, insurance premiums, taxes, mortgages, or otherwise.
"4. That the defendant pay to Murray Sams, Esquire, the sum of Five Hundred ($500.00) Dollars, which it is agreed is a reasonable attorney's fee for his services to the plaintiff in these proceedings.
"5. That the defendant pay one half (1/2) of the federal delinquent income taxes assessed jointly against plaintiff and defendant for the tax years 1940 and 1941.
"6. That the defendant pay one-fourth (1/4) of the federal income tax that will become due upon payment of the Alexander Calvin Haynes $15,000.00 legacy and accrued interest thereon.
"7. That the defendant pay all costs in these proceedings.
"8. That the defendant be permitted to retain possession and ownership of the Chevrolet Automobile involved in these proceedings, and that the plaintiff immediately assign and transfer into his name the certificate of title thereto, now standing in her name, and deliver the same to defendant.
"9. That the defendant in vacating and surrendering to the plaintiff possession of the real estate, described in paragraph 3 of this stipulation, be permitted to remove therefrom his personal belongings, and the furniture given to him by his mother and grandmother, located thereon and therein, as per list attached.
"10. That the Honorable R.H. Boyd, Trustee under the will of Alexander Calvin Haynes, be and he is hereby authorized to pay that certain legacy for *Page 125 
$15,000.00, devised and bequeathed under paragraph 3 of the Will of Alexander Calvin Haynes, deceased, with accrued interest thereon to date of payment, as follows:
"3/4ths to Murray Sams, Esquire, Attorney of Record for plaintiff, for the use and benefit of plaintiff; and
"1/4th to Ernest A. Rano, Esquire, Attorney of Record for defendant, for the use and benefit of defendant, out of which 1/4th interest, said Attorney is to first pay all obligation assumed or imposed upon defendant in and by this stipulation, or the final decree to be entered herein.
"11. That the plaintiff will not ask for alimony in the final decree to be entered herein.
"12. Without prejudice that the plaintiff will not ask for support money for the two minor children in the final decree to be entered herein.
"13. That this stipulation be made a part of the final decree herein.
"Elizabeth T. Haynes "Robert H. Haynes"
Thereafter the Chancellor entered a final decree of divorce and recited that the awards therein contained were based on the stipulation of the parties. The stipulation was filed in the divorce case before the entry of final decree.
The petitioner alleges that her earnings are now meager and that some of the benefits of a legacy which was a subject matter of the stipulation have not been received or paid, as contemplated by the stipulation; that the husband's financial status has greatly improved and his annual income is in excess of $50,000; and prays that the Chancellor will require the respondent husband to pay to the petitioner wife such sums as may be commensurate with her needs and his ability to pay.
The Chancellor sustained a motion to dismiss the petition upon the following grounds:
"5. Section 65.15, Florida Statutes 1941, upon which the said petition is apparently predicated, is not applicable, for said petition, construed in the light of the record in the above cause, shows on its face that there was no agreement providing for payments for, or in lieu of, separate support, maintenance or alimony in connection with an action for divorce or separate maintenance or any voluntary property settlement, and there was also no decree requiring defendant to make to the plaintiff any such payments.
"6. Section 65.15, Florida Statutes 1941, is not applicable in any respect whatsoever to this cause."
The petition is within the provision of Section 65.15, F.S. 1941, F.S.A. It was error for the Chancellor to dismiss it.
Certiorari is granted and the order of dismissal is quashed.
ADAMS, C.J., and TERRELL, CHAPMAN and HOBSON, JJ., concur.
THOMAS, J., and BROWN, Associate Justice, dissent.