Petition by Jess Victor Cohn against Willis Irene Mann for vacation of a final decree of divorce confirming a property settlement. Willis Irene Mann made motions to consolidate the petition with the divorce suit and to dismiss the petition. From a decree granting both motions, the petitioner appeals.
Decree reversed.
The appellant filed a petition for modification of a final decree of divorce which contained the following provisions relative to an agreement respecting the payment of alimony, to wit: "Ordered, Adjudged and Decreed that the release and property settlement executed by the parties hereto be, and the same is hereby confirmed, and each of the parties is hereby directed to comply with all of the terms thereof, subject to a further order of this Court."
The petitioner alleged that he had fully and faithfully complied with the final decree and was not in default; that his financial status had "become so materially and substantially altered as to render the further payment of the weekly payments of $75.00 pursuant to the provisions of said agreement and decree wholly impossible," and, pursuant to the provisions of Section 65.15, F.S. 1941, F.S.A., sought a modification of the alimony payments.
Petitioner's former wife, through her counsel, moved the court to consolidate the petition with the former divorce case and to dismiss the petition on the following grounds:
"1. It affirmatively appears from the final decree which Petitioner in this cause seeks to modify that the Court adopted a property settlement which was entered into between the parties with advice of their respective counsel in which the petitioner in this cause agreed to pay seventy five ($75.00) dollars per week to the defendant *Page 466 
in this cause as a complete and final property settlement and in which the petitioner in this cause received as consideration in said agreement all right, title and interest of the dwelling house owned by said parties, located at 4830 Cherokee Avenue, Miami Beach, Florida, and full title to which petitioner has accepted.
"2. That petitioner's petition for modification sets out in its last paragraph that petitioner relies upon Section 65.15, Florida Statutes, 1941, [F.S.A.] as giving him the right to proceed on his petition for modification and said Section is not applicable to property settlement contracts between the parties to a divorce suit in which the parties agree to a final property settlement disposing of all claims that each have against the other.
"3. That said petition should be dismissed for the reason that petitioner accepted the fruits of the property settlement giving him the dwelling house in the property settlement agreement entered in case number 106587-A and now comes into equity in an attempt to evade the performance of his part of said property settlement agreement."
The Chancellor, by final decree, granted both motions, and petitioner below brought this appeal.
The prior decisions construing the statutory provision are as follows:
"We have authority, under Fla. Stat. 1941, Sec. 65.15, F.S.A., to modify alimony allowances, whether based on stipulation and decree or upon decree that rests solely on testimony." Fowler v. Fowler, 159 Fla. 100, 31 So.2d 162.
"Where the parties have, by mutual agreement, settled their differences by compromise and the court has ratified the same in the final decree, a strong showing is required to modify the terms thereof." Webber v. Webber, 156 Fla. 396, 23 So.2d 388.
"When a property settlement provides for an agreed sum or sums to be paid the wife in lieu of her right to participate in her husband's property, it will take a very strong case even in view of Chapter 16780 to modify it." Vance v. Vance, 143 Fla. 513,197 So. 128, 130.
We find that the Chancellor erred in dismissing the petition. It is not without equity.
That portion of the final decree as follows: "Adjudged, Ordered, and Decreed that the above mentioned petition of Jess Victor Cohn be, and the same hereby is, dismissed with prejudice", is reversed.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.