This cause was before the Chancellor on petition for temporary alimony and solicitor's fees, and the adjudication on the petition was:
"It is therefore ordered, adjudged and decreed that defendant's petition for temporary support and maintenance be and is hereby denied.
"It is further ordered, adjudged and decreed that the plaintiff pay unto defendant's attorney of record the sum of Two Hundred ($200.00) Dollars on attorney's fee in defending the suit."
It was shown at the hearing that a "separation agreement" had previously been entered into between the parties, and the foregoing adjudication was prefaced with a finding as follows:
"The Court thereupon finds that the separation agreement executed by the parties on the 2nd day of September, 1947, and set out and made a part of the Plaintiff's Bill of Complaint, was and is a valid property settlement agreement between the parties hereto, and remains in all respects valid and binding upon the parties.
"The Court further finds that said property settlement agreement is a complete bar to defendant's application for permanent or temporary alimony, support and maintenance."
Upon the entering of the order denying temporary alimony the defendant-wife entered an appeal, which appeal we will treat as a petition for certiorari. The assignments of error are as follows:
"Assignment of Error No. 1: The Court erred in refusing to award the defendant temporary alimony.
"Assignment of Error No. 2: The Court erred in decreeing that the alleged property settlement agreement was a complete bar to defendant's application for permanent or temporary alimony, support and maintenance."
The Court did not formerly "decree" the property settlement foreclosed all relief but denied the relief by reason of the property settlement and with the conclusion that the property settlement was a "complete bar to defendant's application for permanent alimony," etc. The matter for adjudication was the allowance of "alimony," etc.
The Chancellor was, or may have been, in error as to his reasons, for this Court has recently rendered two decisions, to-wit, Haynes v. Haynes, Fla., 40 So.2d 123, and Cohn v. Mann, Fla., 38 So.2d 465, which when considered by the Chancellor might lead him to a contrary conclusion. The question is not foreclosed.
Without concluding ourselves as to whether the petition was well founded and leaving the matter open for further consideration by the Chancellor, the petition for certiorari is denied. *Page 84