SHANNON, Judge.
The appellant-plaintiff has filed an interlocutory appeal from a decree of the chancellor dated February 19, 1964, which modified a divorce decree granting alimony to the wife. The appellant-wife secured a final decree of divorce on May 25, 1962, which incorporated a settlement agreement executed on the 21st day of May, 1962. The property settlement agreement between the husband and wife provided, among other things, as follows:
“The husband shall pay to the wife for the care and support of said minor children and for the support of the wife the sum of Seventy-five and no/100 ($75.00) Dollars per week until such time they are emancipated. The Seventy-five and no/100 ($75.00) Dollars a week shall be applied as follows: Thirty-seven and 50/100 ($37.50) Dollars per week shall be considered as alimony for the wife and Thirty-seven and 50/100 ($37.50) Dollars per week shall be considered support for the minor children. * * ”
In September, 1963, the chancellor found that the husband was behind in his payments by an amount of $675.00 and issued a rule to show cause. He also found that the wife had in her possession an insurance policy which belonged to the husband, and ordered that the cash surrender value of this policy be applied to the arrearage in payments. The chancellor subsequently found that the wife had previously surrendered this policy for its cash value and had made false statements to the court concerning the policy. He found the wife in contempt and entered an order which stated, in part:
“This Court’s Final Decree entered on May 25, 1962 is hereby modified in that the defendant, ALBERT CHARLES GLASS, effective upon the date of this Order, shall pay to the plaintiff for the support of all of their minor children the sum of $55.00 per *488 week and the defendant is hereby absolved of the obligation payment of future alimony * *
There are no facts in the record regarding the chancellor’s finding that the plaintiff was in contempt, thus an inquiry into this portion of the decree is foreclosed.
In Chastain v. Chastain, Fla.1954, 73 So.2d 66, the Court stated:
An order modifying a final decree as to alimony should be made based upon a clear and strong showing with regard to changed circumstances and the financial ability of the husband to pay.”
Other cases setting out this same principle are: Schiff v. Schiff, Fla.1951, 54 So.2d 36; Cohen v. Mann, Fla.1949, 38 So.2d 465; and Webber v. Webber, 1945, 156 Fla. 396, 23 So.2d 388.
In Fowler v. Fowler, Fla.App.1959, 112 So.2d 411, is this language:
“The statute authorizes modification of an alimony decree only upon a clear showing that the circumstances of the parties or the financial ability of the husband have changed since the entry of the decree. Where the amount of alimony decreed is based upon an agreement freely entered into between the parties, a heavier burden rests upon the husband to justify a modification. A reduction of the husband’s income on any account will not in itself justify a modification in the alimony requirements of the decree. * * * A modification decree cancelling husband’s obligation to pay alimony to his wife cannot be justified solely on the basis of a penalty imposed because of her inequitable conduct which contributes to a diminution in husband’s income.”
The record shows no evidence that the ability of the husband to pay has changed except for a statement by the husband that at the present time he could not pay $75.00 per week. This is not justification for a modification of an alimony decree as contemplated by the cases cited above. Therefore, that part of the decree which reduces the total amount of the payments to $55.00 and terminates the husband’s obligation to pay alimony is reversed.
Reversed.
SMITH, C. J., and WHITE, J., concur.