PER CURIAM.
The parties to this suit were married on June 6, 1930. The husband filed suit for divorce in Dade County in 1958. The wife filed an answer opposing the divorce and counterclaiming for separate maintenance. On March 23, 1959, the parties entered into a settlement agreement which recited that the wife was withdrawing opposition to the divorce, abandoning her counterclaim for separate maintenance and substituting a counterclaim for divorce, and which made provision for payment of $140 a week alimony. The following day a final decree of divorce was entered in favor of the wife. With reference to the agreement and in particular as to the alimony provided for therein, the final decree contained these provisions :
“Further, the Court finds that on March 23, 1959 the parties hereto did make and enter into a written Property Settlement Agreement as well as a written Addendum thereto contemporaneously therewith, which Agreement and Addendum provide, among other things, in substance, in part, that plaintiff will pay to defendant permanent alimony at the rate of $140.00 per week, taxes on the residence maintained by her, gardner’s charges incurred during her ownership of said residence not exceeding $200.00 per year, costs of medicines and drugs not *491 exceeding $10.00 per week and costs of insurance coverage of both said residence and defendant’s automobile, and that plaintiff will further pay to defendant in effecting a settlement and division of their various property interests and rights, the total sum of $40,000.00 to be paid in specified installments and to be secured by mortgage and pledge of assets as more particularly set forth in said Agreement. The Court finds said Agreement and Addendum, executed and attested copies whereof are annexed hereto, made part hereof and marked ‘Exhibit A’ are fair, equitable, just and reasonable and should be and are hereby approved and confirmed.
* * * * * *
“It is Hereby Further Ordered that plaintiff herein pay to defendant, and to and for her benefit, all sums required of him to be paid by the terms and provisions of the Agreement and Addendum aforesaid at the times when same become due and payable, and both parties are hereby ordered and directed fully, faithfully and promptly to do and perform all of the covenants on their part to be performed under both said Agreement and Addendum.”
In November of 1963 the husband moved for a reduction of alimony. His petition set forth two changed circumstances. One was that an adult daughter had developed a mental illness which required that she be hospitalized, and that he was paying $100 per month for her care in the hospital plus $50 [later conceded to be $35] for her incidentals. He alleged this added expense was a hardship on him and that the wife was more able financially to bear it. He also alleged as a changed circumstance an unexpected ruling that he must pay income tax on the amount which he paid for the wife’s income tax on the alimony paid to her.
Following hearing on the petition and the wife’s answer thereto the chancellor entered an order reducing the alimony of $140 a week to $115 per week so long as the daughter in question remained in.the hospital and the father contributed as alleged to her support there.[1] The order contained certain other provisions which are not material here.
On this appeal by the wife from the modification order she contends no sufficient showing was made to justify the reduction in alimony.
“Where the parties have, by mutual agreement, settled their differences by compromise and the court has ratified the same in the final decree, a strong showing is required to modify the terms thereof.” Webber v. Webber, 156 Fla. 396, 23 So.2d 388.
The effect of the modification ordered by the chancellor was to place upon the wife the full burden of maintaining the adult daughter in the hospital. A more equitable and reasonable solution would have been to require the parties to share that expense in view of the circumstances presented by the husband on his behalf.
The cause is remanded with directions to amend the order accordingly, which, when so amended will stand affirmed.
It is so ordered.

. This was provided for in paragraph 1(a) of the order entered on the husband’s petition for modification, as follows: “The permanent weekly alimony of $140.-00 heretofore required to be paid by the plaintiff, Arthur Brill, to the defendant, Ida Brill, be and the same is hereby reduced to $115.00 per week, which reduction shall remain in full force and effect during such period of time that the daughter of the parties, Adrienne Lous Brill, is a patient at the South Florida State Hospital, and the plaintiff, Arthur Brill, contributes to her expenses on account thereof and remains financially liable therefor.”