PIERCE, Judge.
This is an appeal by Marion Susan Knight, plaintiff below, from a post-decre-tal order modifying a previous final divorce decree by reducing and ultimately extinguishing the payment of alimony to plaintiff by Walter Joseph Knight, defendant below.
Plaintiff sued defendant for divorce in Pinellas County Circuit Court, and on May 25, 1954, final decree was entered dissolving the marriage. The decree made an allowance for support and maintenance of plaintiff and their then two minor children. Later, on November 17, 1966, the children having reached the age of majority, the decree was “clarified” to require defendant to pay plaintiff as alimony the sum of $200.00 a month.
On January 5, 1967, defendant filed his petition for further modification downward of the final decree, alleging in support that his earnings had “decreased materially since the entry of the Final Decree”, that plaintiff was “employed and * * * well able to support herself”, and that her “needs *354 have materially decreased since the entry of said decree”. Such was the extent of the allegations of the petition. After hearing, the Court on February 7, 1967 further amended the decree by providing for payments of alimony in the sum of $200.00 per month “for a period of three (3) months”, thereafter “the sum of $100.00 per month for an additional nine (9) months”, and thereafter “the sum of $50.00 per month for an additional six months”, at the expiration of which latter time “all alimony from the defendant to the plaintiff shall cease and the defendant shall be relieved of any further such obligations”.
So the purport and effect of the February 7, 1967 order was to progressively reduce the amounts of alimony until August, 1968, when such payments would cease altogether. No findings were incorporated in the order of February 7th but it is merely recited that “a modification of those portions of the Final Decree of Divorce relating to the support and maintenance of the plaintiff is necessary and proper”.
We have examined the testimony as to the faculties of the parties given at the May 5, 1954 final hearing upon which was grounded the support allowance in the final decree and the later clarifying order of November 7, 1966. We have also examined the testimony given at the January 20, 1967 hearing upon which the current order was based. We find the latter testimony legally insufficient to sustain the modification.
At the 1954 hearing it was established by defendant’s testimony that during the last preceding taxable year of 1953 he had netted a profit from his business of Knight’s Trailer Service of only $4,607.01 out of a total gross intake of $302,578.24; that car payments amounted to $100.00 per month; that his “room and board” cost him “about one hundred dollars” per month; that while he owned his business property, fronting about three hundred feet on 4th Street, in St. Petersburg, he was paying thereon $325.00 per month, plus interest, on a total deferred indebtedness of about $26,-000.00 payable over the ensuing “approximately twenty years”; and that he estimated his net income for the current year of 1954 would be “five or six thousand dollars this year by working over (sic) and by putting a little extra effort in”.
At the 1967 hearing, defendant stated he still had the trailer business and property on 4th Street, now free and clear, which he valued at between $50,000 and $60,000; that he lived in a mortgage-free home on Bayou Grande in St. Petersburg, title to which was in the name of his present wife whom he married soon after the instant divorce decree in May, 1954, and for whom he left the plaintiff; that he and his wife both owned separate paid-up automobiles, his being a currently purchased Oldsmobile; that his stock holdings amounted to at least “two or three thousand dollars, I am not certain”; that his tax return for 1966 had not been made up, but the return for 1965 showed a net income of $6,225.20 upon a gross income from his business in excess of $290,000; that his gross income for 1964 was over $373,340 but he did not state his net income for that year, nor did he estimate his gross or net income for 1966; and that he and his wife held a current mortgage on residence property he previously owned, of an “approximately $4,000.00 balance”.
Plaintiff also testified before the Chancellor, from which it appears that her financial situation had not materially changed since the final decree. She did state that she had worked at Woolworth’s department store in Pinellas Park for some five years since the divorce but had not so worked for the several preceding months because-of the serious illness of her grown married daughter in Massachusetts. She was not asked what her pay had been at Woolworth’s, or whether she would ever be employed again. She had no other income except her alimony from defendant. Both parties were 56 years old at the time of the 1967 hearing. Their two children, aged 31 years and 27 years, were grown and married. Plaintiff had not remarried but, as before stated, defendant has been remarried since soon after *355 the divorce decree. No other witness testified at that hearing.
The foregoing is a fair synopsis of the factual picture presented to the Chancellor. In our opinion defendant did not carry the burden imposed upon him by his modification petition.
F.S. Sec. 65.15, F.S.A., provides that:
“[W]henever any husband * * * has pursuant to the decree of any court of competent jurisdiction been required to make to his wife any * * * payments [of alimony] and the circumstances of the parties or the financial ability of the husband shall have been changed since the * * * rendition of such decree, * * * the court, after giving both parties an opportunity to be heard, * * * shall make such order * * * as justice and equity shall require, with due regard to the changed circumstances and the financial ability of the husband, decreasing or increasing * * * the amount of * * * alimony provided for * * * in such decree.”
Many cases have reached the appellate level originating under that statute. While each case, of course, must be resolved by the trial Court upon the variable facts of the particular case, certain well defined principles to be followed have evolved out of the welter of decisions.
In Glass v. Glass, Fla.App.1964, 166 So.2d 487, this 2nd District Court held as follows:
“In Chastain v. Chastain, Fla.1954, 73 So.2d 66, the Court stated:
‘An order modifying a final decree as to alimony should be made based upon a clear and strong showing with regard to changed circumstances and the financial ability of the husband to pay.’1
Other cases setting out this same principle are: Schiff v. Schiff, Fla.1951, 54 So.2d 36; Cohn v. Mann, Fla.1949, 38 So.2d 465; and Webber v. Webber, 1945, 156 Fla. 396, 23 So.2d 388.
>{; ‡ * % Jfc ‡
The record shows no evidence that the ability of the husband to pay has changed except for a statement by the husband that at the present time he could not pay $75.00 per week. This is not justification for a modification of an alimony decree as contemplated by the cases cited above.”
And in Simon v. Simon, Fla.App. 1962, 137 So.2d 613, the 3rd District Court, again citing the Chastain case, stated:
“In Chastain v. Chastain, Fla.1954, 73 So.2d 66, 68, which is cited and relied on by the appellant, the Supreme Court said:
‘ * * * A final decree of divorce awarding alimony should not be modified as to alimony without a strong showing that the husband’s ability to pay has depreciated. The burden is. upon the complaining party to make this strong showing. Income alone is not necessarily the test in determining ability to pay. As pointed out by the Chancellor in the final decree awarding-divorce and fixing alimony, “one must consider the nature of his capital assets,, as well as his income.” ’
See also Terry v. Terry, Fla.App.1961, 126 So.2d 890, 892; Howard v. Howard, Fla.App. 1960, 118 So.2d 90, 94; Platt v. Platt, Fla.App.1958, 103 So.2d 253, 255. In the Howard case the court said:
** * * In addition to income,, consideration must also be given to the extent and value of the husband’s capital assets. The manner in which title to-the husband’s assets is held is not necessarily controlling in determining his. ability to pay.’ ”
It is true, as observed in Mack v. Mack, Fla.App.1959, 115 So.2d 447, the Chancellor “has broad discretion in altering or suspending future alimony payments”, yet such discretion is always contingent *356 “upon a sufficient showing of changed circumstances”.
In the case sub judice, testimony at the modification hearing shows no such adverse change in the financial condition of defendant or the needs of the plaintiff as to justify the order appealed from. By its terms, the support money allowed plaintiff, now a woman of 56 or 57 years, would be progressively decelerated until August, 1968, at which time it would cease altogether; while the financial condition of defendant, if anything, was shown to have improved since the original decree was entered.
Accordingly, the order here appealed is reversed, with directions to reinstate the then amount of plaintiff’s alimony as of the date the modification order was entered.
LILES, C. J., and SHANNON, J., concur.