229 So.2d 618 (1969)
Jolly H. ROGERS, Appellant,
v.
Kay Mann ROGERS, Appellee.
No. 69-259.
District Court of Appeal of Florida. Second District.
December 19, 1969.
Hammond & Holman, Pinellas Park, for appellant.
Martin J. Jones, of Earle, Jones & Chambers, St. Petersburg, for appellee.
PIERCE, Judge.
Appellant Jolly H. Rogers, defendant below, appeals to this Court from an order entered by the Pinellas County Circuit Court on April 3, 1969, denying a petition of defendant for modification of a previous final divorce decree between the parties entered by that Court on August 8, 1967.
The final decree contained a provision requiring defendant to pay to the plaintiff former wife the sum of $250.00 per month, which amount was to be increased to $325.00 per month on September 30, 1969, contemporaneously with defendant being relieved of the monthly payments on the former wife's automobile which he was otherwise required to pay up until that time.
Modification of the alimony provision was sought upon the ground that "since the entry of the Final Judgment, the circumstances and the financial ability of the Plaintiff [former wife] has substantially changed." Interrogatories were propounded and answered and sworn testimony of the parties was taken before the Court. The Chancellor found there had been a "substantial change" upward in the financial situation of the former wife, but felt that, because of our previous holding in Knight v. Knight, Fla.App. 1967, 205 So.2d 353, which he characterized as having "pretty well put the skids on modification", he was precluded from modifying the previous alimony award.
*619 Final order was entered finding nevertheless that the former husband had "failed to demonstrate a sufficient change in either his own circumstances or the circumstances of the [former wife] to entitle him to the relief sought", and denying the petition for modification.
From the foregoing expressions, we deduce that the Chancellor apparently felt that there had been a "substantial change" in the former wife's financial situation, but not a "sufficient change" in circumstances to justify modification, and also that he was probably inhibited by our opinion in Knight to allow a modification. The former husband has appealed said order to this Court. We reverse and remand the cause for further consideration.
The Chancellor apparently construed our opinion in Knight to hold that an order or judgment for payment of alimony cannot be modified unless the income of the husband (or former husband) be shown to have materially decreased. We intended no such holding. The confusion probably stems from the technically imprecise language of our modification statute itself, F.S. § 61.14 F.S.A. (formerly § 65.15 F.S.), which reads inter alia as follows:
"[W]henever any husband * * * has pursuant to the decree of any court of competent jurisdiction been required to make to his wife any * * * payments [of alimony] and the circumstances of the parties or the financial ability of the husband shall have been changed since the * * * rendition of such decree, * * * the court, after giving both parties an opportunity to be heard, * * shall make such order * * * as justice and equity shall require, with due regard to the changed circumstances and the financial ability of the husband, decreasing or increasing * * * the amount of * * * alimony provided for * * * in such decree."
It will be observed that in one place in the statute it refers to "the circumstances of the parties or the financial ability of the husband shall have been changed", while in another place the language is "the changed circumstances and the financial ability of the husband, decreasing or increasing", etc. Thus, the factual criteria for activating the modification statute is placed in both the conjunctive and disjunctive.
But when logically analyzed in the light of the real purpose and objective of the statute, no real problem is encountered. The words providing relief under the statute are encompassed in the phrase "changed circumstances", together with the unwritten but necessarily implied word "substantial." And the words "financial ability of the husband" must be considered, not to create a separate ground for modification from "changed circumstances" but in reality as presenting one of the more usual instances of "changed circumstances." This is so because, after all, a substantial diminution of the former husband's ability to pay, or a "drying up of the financial reservoir", may be just as much of a "changed circumstance" as would be a material change in her necessities of life.
In Knight the Pinellas County Circuit Court, on May 25, 1954, entered final decree dissolving the marriage and making allowance for support and maintenance for Mrs. Knight and their two minor children. On November 17, 1966, twelve years later, the children having reached their majority, the allowance portion of the decree was reduced to $200.00 for herself alone. On January 5, 1967, less than two months thereafter, the former husband filed his further petition for modification. After hearing, the Court on February 7, 1967, further amended the decree so as "to progressively reduce the amounts of alimony until August, 1968, when such payments would cease altogether." In the absence of findings of fact by the trial Court, we examined the testimony in the record and found it legally insufficient to sustain the last modification order. After a review in some detail, we held that the "testimony at the modification hearing shows no such adverse change in the financial condition of defendant or the *620 needs of the plaintiff as to justify the order appealed from. By its terms, the support money allowed plaintiff, now a woman of 56 or 57 years, would be progressively decelerated until August, 1968, at which time it would cease altogether; while the financial condition of defendant, if anything, was shown to have improved since the original decree was entered." The order appealed from was reversed, with directions to reinstate the amount of alimony as of the date the modification order was entered.
Nothing we said in Knight was intended to warrant the construction placed on the opinion by the Chancellor below. Changed circumstances, if sufficiently substantial, may, as a matter of law, warrant a modification of the amount of existing alimony payments, either upward or downward, as the case may be. And the rule applies whether the changed circumstances are brought about by a substantial change in earnings of the man paying or a substantial change in the necessities of life of the woman receiving, or both. And such issue may only be decided, as we said in Knight, upon the particular facts of the individual case. To aid the appellate Court it would always be helpful if the trial Judge, as the trier of the facts, would make specific findings upon which he bases his order, irrespective of whether modification is granted or denied.
Modification of support orders is perhaps the most prolific source of litigation with which Courts have to deal, both on the trial and appellate levels. So it is only natural that in such a body of opinions, covering such a wide gamut of varied human relationships, loose or imprecise language is bound to creep into occasional opinions. This may have been the case in some of the older opinions from which we quoted in Knight. We believe, however, we have herein sufficiently clarified our views on the right to modify under our modification statute.
Applying such criteria to the facts presented by the record here, it is clear that the able Chancellor was in error when he held that the "Knight case pretty well put the skids on modification", notwithstanding it was his "personal opinion" that there had been "a substantial change in Mrs. Rogers' earning capacity."
The original final decree between the parties followed, in its financial respects, the provisions of a "Property Settlement Agreement" entered into between the parties, which agreement affirmatively provided that "the parties recognize and agree that this Agreement shall be subject to modification by the Court upon a change of circumstances of either or both of the parties." It is true that such provision was merely recognition of the law itself on the right to modify, but it is also quite likely its inclusion in the settlement agreement was in anticipation of subsequent changes upward in her financial situation. The record shows that in the approximately twenty months between the final judgment and the modification hearing, her health had immeasurably improved; she had become regularly employed as a school teacher earning approximately $300.00 a month net; her cost of living had been reduced by some $200.00 per month; and she had also inherited assets in excess of $37,000.00, from which she was receiving additional income.
While we hold that the Chancellor misconceived the legal effect of our holding in Knight, we are hesitant to fix the terms of a modified order ourselves, as we undoubtedly have the right to do under F.S. § 59.34 F.S.A. (see Poling v. City Bank & Trust Company of St. Petersburg, Fla.App. 1966, 189 So.2d 176, 185), or even to suggest what modification, if any, should be made by the Chancellor. We prefer, in the present state of the record, that the lower Court determine initially whether such modification should be made in the light of this opinion, and if so, to what extent.
Accordingly, the order appealed is reversed and the cause remanded for further consideration consistent with our views *621 expressed herein, with the right of either party to adduce such further evidence as may be desired, and the entry of further order by the Court upon the whole record.
Reversed and remanded accordingly.
LILES, Acting C.J., and McNULTY, J., concur.